GONZÁLEZ ET AL., DEMANDANTES Y APELANTES, *v.* CABRERA, DEMANDADO Y APELADO.

Apelación procedente de la Corte de Distrito de Arecibo en pleito sobre nulidad de expediente de dominio y de inscripción en el registro y entrega de finca.

No. 1872.—Resuelto en julio 22, 1919.

DEMANDA—ALEGACIONES SUFICIENTES.—En el presente caso la demanda alega que la finca cuya entrega se reclama para fines de liquidación y partición de herencia, fué adquirida durante el matrimonio de los esposos Paulino González y Micaela Rivera; que ésta falleció antes que aquél dejando hijos que la

heredaran; que el viudo, sin intervención de los herederos de Micaela Rivera vendió la finca cual si fuera exclusivamente suya a Eusebio Cabrera, ahora demandado, y que éste la inscribió en el registro como legítimamente adquirida mediante expediente de dominio instruído al efecto. *Se resolvió:* que tal demanda contiene hechos suficientes para determinar una causa de acción.

ID.—EXCEPCIÓN PREVIA—ALEGACIONES IMPERTINENTES.—Aunque en una demanda existan alegaciones que contienen materia de prueba, otras que son conclusiones legales y otras puramente argumentativas, si examinadas todas en su conjunto muestran indudablemente una causa de acción, no puede prosperar la excepción previa de falta de hechos suficientes para determinar una causa de acción.

ID.—CAUSA DE ACCIÓN.—De acuerdo con el artículo. 191 del Código de Enjuiciamiento Civil aunque el demandante no tenga derecho a todo lo que pide en la demanda, si tiene derecho a parte de lo que solicita, no puede decirse que los hechos alegados no constituyen una causa de acción.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Pedro C. Timotheé.*

Abogado del apelado: *Sr. Antonio Lens Cuéna.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de recurso de apelación interpuesto por los demandantes contra sentencia que en 15 de enero de 1918 pronunció la Corte de Distrito de Arecibo desestimando la demanda sin especial pronunciamiento de costas. por el fundamento de no aducir hechos suficientes para determinar una causa de acción.

Las alegaciones fundamentales de la demanda son en síntesis las siguientes:

Que los esposos Paulino González y Micaela Rivera eran dueños de una finca situada en el barrio de Unibón, término de Morovis, compuesta de 30 cuerdas que el primero adquirió durante la sociedad conyugal con la segunda.

Que Micaela Rivera y Paulino González fallecieron respectivamente en los años de 1903 y 1915 sin otorgar testamento.

Que al morir Micaela Rivera dejó como hijos legítimos de su único matrimonio con Paulino González a Facundo, Domingo, Carmen, Basilisa, Emilia, Avelina de Jesús y Gu-

mersinda González Rivera, de los cuales Gumersinda, Emilia y Avelina de Jesús González Rivera fallecieron respectivamente en 1904, 1906, y 1908, la primera sin sucesión, la segunda dejando cuatro hijos legítimos nombrados Bernardo, Claudina, Tecla y Santos, habidos en su matrimonio con Juan Aponte, y la tercera o sea la Avelina de Jesús dejando de su matrimonio con Salomé Adorno tres hijos legítimos nombrados Modesta, Paulina y Emiliano, habiéndose hecho la declaratoria de herederos abintestato de todos los fallecidos, por resolución de la Corte de Distrito de Arecibo de 27 de marzo de 1916.

Que la finca de que se deja hecho mérito y de que eran dueños los esposos Paulino González y Micaela Rivera se halla en poder del 'demandado Eusebio Cabrera quien la ocupa en virtud de expediente de dominio iniciado ante la corte de Arecibo en 18 de septiembre de 1912 y terminado por resolución final de 13 de enero de 1916, cuyo expediente fué inscrito en el registro de la propiedad con fecha 29 de marzo de 1916.

Que en el expediente de dominio aparece Eusebio Cabrera comprando la finca en cuestión a Paulino González en el año 1909, cuya venta en el supuesto de que se realizara es absolutamente nula por no haber intervenido en ella los legítimos hijos de Micaela Rivera, de los cuales ya habían fallecido Emilia y Avelina de Jesús González Rivera, viniendo a ser herederos de ésta sus legítimos hijos ya relacionados, menores de edad en la fecha en que se hizo la venta.

Que en el expediente de dominio existen omisiones gravísimas que lo vician de nulidad, cuales son: (*a*) la de no constar que Paulino González era viudo en 1909; (*b*) la de no aparecer en él ni siquiera por alusión el nombre de la que fué su esposa y condueña de la finca; (*c*) la de no constar en él la existencia de los hijos legítimos de Paulino González; (*d*) la de no aparecer la intervención y autorización de los herederos de Micaela Rivera para verificar la venta, y

(*e*) la de no aparecer tampoco la autorización de la corte
para realizar la venta de la herencia correspondiente a los
menores hijos de las herederas fallecidas Emilia y Avelina
de Jesús González Rivera.

La demanda concluye con la súplica de que se decrete la
nulidad del expediente de dominio resuelto a favor de Eu-
sebio Cabrera, anulándose su inscripción en el registro, y
se ordene al mismo la entrega de la finca a los herederos
de Paulino González y Micaela Rivera para proceder a la
liquidación y partición de la herencia, condenando además
al demandado al pago de $500 en concepto de indemnización
por la ocupación indebida de la finca.

A la anterior demanda opuso el demandado la excepción
previa de no aducir hechos suficientes para determinar una
causa de acción, cuya excepción fué declarada sin lugar, y
habiéndose formulado contestación con negación general de
todos y cada uno de los hechos de la demanda y con defensa
especial de que el demandado adquirió la finca descrita en
la demanda por compra a Paulino González quien a su vez
la adquirió en cuanto a una mitad por su mitad de ganan-
ciales y en cuanto a la otra mitad por compra a los here-
deros de su esposa, se celebró el juicio que terminó por sen-
tencia de 15 de enero de 1918 declarando con lugar la excep-
ción previa expresada y desestimando la demanda sin espe-
cial pronunciamiento de costas.

Contra dicha sentencia interpuso la parte demandante re-
curso de apelación para ante esta Corte Suprema, y el recurso
se sostiene por el fundamento de que la corte cometió error
al estimar que los hechos alegados en la demanda no deter·
minan una causa de acción.

La finca descrita en la demanda, como adquirida por Pau-
lino González durante su matrimonio con Micaela Rivera,
debe reputarse ganancial con arreglo al artículo 1322 del
Código Civil por no aparecer que perteneciera privativamente
al marido o a la mujer.

Al morir Micaela Rivera en 1903 dicha finca pasó a ser de la propiedad de Paulino González por su participación en la sociedad de gananciales, y de los siete hijos habidos en su matrimonio con Micaela Rivera, por título de herencia, pues con arreglo al artículo 665 del Código citado los derechos a la sucesión de una persona se transmiten desde el momento de su muerte. Con el fallecimiento de Micaela Rivera no hubo más cambio en la condición legal de la finca que el de pertenecer al viudo y a los herederos de Micaela Rivera en representación de ésta, cuando antes pertenecía a la sociedad legal constituída por los consortes Paulino González y Micaela Rivera.

Siendo dueños de la finca el viudo y los hijos de la finada Micaela Rivera, aquél y éstos tenían el derecho de gozar y disponer de ella en la proporción que les correspondiera, pero a ninguno de ellos le asistía el derecho de gozar y disponer de la finca con exclusión de los demás. Artículo 354 del Código Civil.

Haciendo aplicación del anterior principio al caso de autos, Paulino González no pudo disponer de la totalidad de la finca vendiéndola a Eusebio Cabrera sin contar para ello con los demás condueños, hijos de Micaela Rivera, y por tanto, la venta realizada en cuanto afectaba a la participación de éstos que no intervinieron en el contrato era nula en derecho y no podía producir efectos legales. *Nemo dat quod non habet.*

Y siendo nula a lo menos parcialmente la venta expresada, nulo tiene que ser también el expediente de dominio instruído por Eusebio Cabrera en cuanto atañe al condominio que en la finca correspondía a los herederos de Micaela Rivera.

Para que hubiera causa de acción en el presente caso, bastaba alegar que la finca de que se trata fué adquirida durante la sociedad de gananciales de los esposos Paulino González y Micaela Rivera, que ésta falleció antes que aquél,

dejando hijos que la heredaron, que el viudo, sin interven-
ción de los herederos de Micaela Rivera, vendió la finca cual
si fuera exclusivamente suya, a Eusebio Cabrera, y que éste
la inscribió en el registro como legítimamente adquirida me-
diante expediente de dominio instruído al efecto. Esas ale-
gaciones constan en la demanda.

Ciertamente que también hay alegaciones en la demanda
que contienen materia de prueba, que otras envuelven con-
clusiones legales y que otras son puramente argumentativas,
pero examinadas en conjunto todas las alegaciones muestran
indudablemente una causa de acción, como ya dejamos de-
mostrado, y ello impide que pueda prosperar la excepción
previa que ha sido declarada con lugar.

Si los hechos expuestos en una demanda constituyen una
válida y suficiente causa de acción, aunque contenga mani-
festaciones innecesarias, inmateriales o redundantes, es im-
procedente la excepción previa. Estee's Pleadings, 3072 y
casos citados. Al considerar una excepción previa la corte
no debe prestar atención alguna a la forma, si puede encon-
trar en la demanda alegaciones que bajo cualquier punto de
vista que se miren puedan darle al demandante un derecho
al remedio solicitado. Estee's Pleadings, 3074 y casos ci-
tados. Si la demanda contiene los elementos de una causa
de acción no importa que se halle redactada con poco arte;
y si al revisar los hechos expuestos, la totalidad o parte
de los mismos pueden resolverse en una causa de acción,
debe declararse sin lugar la excepción previa. Estee's Plead-
ings, 3074.

Nuestro mismo Código de Enjuiciamiento Civil en su ar-
tículo 122 prescribe que al considerar una alegación para de-
terminar sus efectos deberá interpretarse con liberalidad a
fin de asegurar cumplida justicia entre las partes.

Y no puede decirse que el demandante en su demanda
suplica que se decrete la nulidad del expediente de dominio,
anulándose su inscripción en el registro, y que se ordene al
demandado la entrega de toda la finca a los demandantes,

cuando según las alegaciones de la demanda el demandado adquirió legítimamente la parte que correspondía a Paulino González respecto de la cual no puede anularse la venta ni entregarse a los demandantes.

Semejante argumento carece de fuerza para sostener la excepción. La corte puede conceder al demandante lo que siendo compatible con lo alegado en la demanda estuviere comprendido en el asunto objeto del litigio. Artículo 191 del Código de Enjuiciamiento Civil. Bajo ese precepto aunque el demandante no tenga derecho a todo lo que pide en la demanda, si tiene derecho a parte de lo que solicita, no puede decirse que los hechos alegados en la demanda no determinan una causa de acción. Nuestro código en su artículo 105 claramente preceptúa que el demandado podrá presentar excepción previa a la demanda cuando resultare del contenido de aquélla que la demanda no aduce hechos suficientes para determinar una causa de acción, y no exige que la demanda aduzca hechos suficientes para determinar todos los pronunciamientos solicitados.

Es de revocarse la sentencia apelada ordenándose al juez que proceda con arreglo a los principios establecidos en la presente opinión.

> *Revocada la sentencia apelada debiendo proceder en el caso con arreglo a los principios establecidos en la opinión.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.